WALKER, Presiding Justice,
for the Court:
This case comes from the Chancery Court of Marion County. The court rescinded an oil, gas and mineral lease executed by the parties based on a finding of mutual mistake of fact. The plaintiff below, Southern Oil & Gas, Inc., brings this appeal.
Terence Hall and his mother, Dorothy Hall Thompson, own certain mineral acres in Marion County in Township 5 North, Range 19 West, Sections 19, 20, 29, 30, and 32. They became the owners of these mineral as the sole heirs of E.E. Hall. E.E. Hall bought mineral interests all over Mississippi. Neither Terence Hall nor his mother had been involved in the purchases, and no accurate records existed of the mineral interests they owned.
In May, 1980, Southern Oil & Gas, Inc. became interested in acquiring oil, gas and mineral leases on Sections 19, 20, and 30. Tom Hannaford, president, and J.C. Burgess, III, vice president of Southern Oil & Gas, searched the land records and determined that E.E. Hall owned the mineral in these sections and that E.E. Hall had died and was survived by Terence Hall and Dorothy Hall Thompson.
On the morning of May 22, 1980, Hanna-ford and Burgess arrived unannounced at Terence Hall’s office in New Orleans. They told him that he and his mother owned minerals in Sections 19, 20, and 30 and that they wanted to lease these mineral from him. Hall told them he had no records of his father’s mineral interest.
Hall signed the lease supplied by Hanna-ford and Burgess and accepted a $5,000.00 bonus. The draft was subject to “approval of title”. The lease was a standard form, Producers 88 (9/70), with a ¼ royalty, with the names of the lessors and depository filled in at Hall’s office. After signing the lease, Hall directed them to his mother’s house, and she signed the lease.
Hannaford sought and received a title opinion on the lease which showed clear title in Terence Hall and Dorothy Hall Thompson.
In September, 1980, J.C. Burgess was researching Marion County Chancery land records for other leases when he discovered a lease from Terence Hall and his mother, dated March 9, 1977, covering the same property as the May 22 lease and other property. This 1977 lease was for a primary term of five (5) years and as long thereafter as minerals were produced from these lands. The lease had been filed and properly indexed in the land records of Marion County on April 7, 1977.
When Hall was contacted about the prior lease he denied any knowledge of it.
Southern Oil & Gas brought suit in chancery court seeking damages, reformation of the lease and other relief.
The chancellor, after hearing all the evidence, found that the appellant and appel-lees were acting under the mutual mistake of fact that the appellees’ interest in the land was not subject to a pre-existing lease and could be leased. The court found no bad faith on the part of the appellees and ordered the lease rescinded upon repayment by them of the $5,000.00 to Southern Oil. All other relief was denied.
On appeal the appellant contends that the chancellor erred in his findings of mutual mistake and in not providing the appellant other relief. We find that the chancellor’s findings are supported by the evidence. There is nothing in the testimony of Terence Hall or Tom Hannaford or *1068 J.C. Burgess, III, to indicate that any one of them was aware of the prior lease. The overwhelming weight of the evidence supports the determination of the chancellor.
Based on this finding of fact, the chancellor provided the appropriate remedy, recision of the lease and repayment of the price. The court found no further remedy due the appellants. Under the facts of this case, we cannot say that this was error. Since the chancery court found that there was mutual mistake in execution of the lease, it is not necessary that we discuss the other assignments of error. The decision of the chancery court is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.